IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JONATHAN JAKE WELLS, | ) |
| | ) |
| | ) |
| Plaintiff, | ) CIVIL ACTION FILE NO. |
| | ) 1:20-CV-03219-ELR |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S INITIAL DISCLOSURES**

COMES NOW Jonathan Jake Wells, Plaintiff in the above-styled action, and submits his Initial Disclosures as follows:

1.

*State precisely the classification of the cause of action being filed, a brief factual outline of the case including plaintiff's contentions as to what defendant did or failed to do, and a succinct statement of the legal issues in the case.*

RESPONSE:

**Classification of the Case:** This is a personal injury action that arises under Georgia law.

**Brief Factual Outline of the Case:**

On September 7, 2018, Plaintiff was driving his 2016 Yamaha FZ09 motorcycle southbound on State Route 3 in Spalding County, Georgia. On that same date and time, Yahminah Monae Graham was driving a 1993 GMC Gruman making a right turn from Ridgewood Drive onto State Route 3. At all times relevant to the issues in this action, Yahminah Monae Graham was acting within the scope of Graham's employment with the USPS, and was driving as an authorized agent or employee of the USPS, as set forth in 28 U.S.C. § 2679. On September 7, 2018, as Plaintiff was traveling in the far left lane of southbound State Route 3, Graham turned right from Ridgewood Drive, crossed over the right turn lane and two through lanes of southbound State Route 3 before entering into Plaintiff's lane of travel and colliding with Plaintiff. As a result of the impact, Plaintiff was thrown from his vehicle and hit the ground in the median separating the north and southbound lanes of State Route 3 causing Plaintiff to suffer injuries totaling more than $100,000.00. Plaintiff immediately received medical treatment. Plaintiff claims Graham's operation of the vehicle constitutes negligence per se, and that Graham was otherwise negligent in her operation of the vehicle. At all times relevant to the allegations made herein, Graham was acting within the scope of her employment with the USPS, and pursuant to 28 U.S.C. § 2671 et seq., the United States is therefore liable for the damages caused by and arising out of her negligent actions.

Plaintiff claims special and general damages due to the injuries he sustained in the collision.

**Statement of Legal Issues:**

Liability, proximate cause, and damages.

2.

*Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which plaintiff contends are applicable to this action.*

RESPONSE:

This is a negligence action. Applicable statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law Plaintiff contends are applicable to this action include, or may include, the following:

- Common law principles relating to Plaintiff's negligence claim.
- O.C.G.A. § 40-6-73 (failure to yield right of way while crossing roadway);
- O.C.G.A. § 40-6-48 (failure to maintain lane);
- O.C.G.A. § 40-6-123 (changing lanes);
- O.C.G.A § 40-6-390 (failure to observe or undertake the necessary precautions to keep from colliding with the Plaintiff's vehicle);

- O.C.G.A. § 40-6-241 (driving without due caution and circumspection and in a manner so as to endanger the persons and/or property of others in the immediate vicinity);
- O.C.G.A. § 40-6-390 (reckless disregard for the safety of persons and/or property);
- O.C.G.A. § 51-1-1 (tort defined);
- O.C.G.A. § 51-1-2 (ordinary diligence);
- O.C.G.A. § 51-1-6 (breach of legal duty gives action);
- O.C.G.A. § 51-12-1 (kinds of damages);
- O.C.G.A. § 51-12-2 (general damages and special damages defined); and
- O.C.G.A. § 51-12-3 (direct and consequential damages defined);
- 28 U.S.C § 2671, et seq.;
- 39 U.S.C. § 201;
- 28 U.S.C. § 2679; and

Plaintiff reserves the right to add additional statutes, codes, regulations, legal principles, standards and customs or usages at issue as the investigation and discovery develops.

3.

*Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)*

RESPONSE: See Attachment A.

4.

*Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed. R. Civ. P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Responses to Initial Disclosures as Attachment B.)*

RESPONSE: Plaintiff has not yet decided on experts for use at trial, but reserves the right to supplement later. Plaintiff's medical providers may have expert knowledge of causation and damages. A list of Plaintiff's medical providers is attached as Attachment B.

5.

*Provide a copy of, or a description by category and location of, all documents, data compilations, and tangible things in your possession, custody or control, that*

*you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)*

RESPONSE: See Attachment C.

6.

*In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying as under Fed. R. Civ. P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)*

RESPONSE: Please see Attachment D for a list of documents responsive to this request.

7.

*Attach for inspection and copying as under Fed. R. Civ. P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to*

*indemnify or reimburse for payments made to satisfy the judgment.  (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)*

RESPONSE:   Defendant is in possession of all policies of insurance applicable to this claim.

8.

*Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in plaintiff's cause of action and state the basis and extent of such interest.*

RESPONSE:  Plaintiff is not aware of any such persons or entities at this time.

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1(C)**

I hereby certify pursuant to Rule 5.1 of the Local Rules for the Northern District of Georgia that this document has been prepared in "Times New Roman" font, 14 point, as required by Local Rule 5.1(C).

*[Signature on following page]*

This 7th day of December, 2020.

                                            **WERNER LAW, LLC**

                                            */s/ Nola D. Jackson*_____
                                            MICHAEL L. WERNER
                                            Georgia Bar No. 748321

2860 Piedmont Road                 NOLA D. JACKSON
Atlanta, GA 30305                   Georgia Bar No. 387799
404-793-1690                             TREVOR E. BRICE
mike@wernerlaw.com              Georgia Bar No. 847049
nola@wernerlaw.com
trevor@wernerlaw.com             **Attorneys for Plaintiff**

# ATTACHMENT A – WITNESS LIST

Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support our claims or defenses, unless solely for impeachment, identifying the subjects of the information.

1. Plaintiff Jonathan Jake Wells;

2. Yahminah Monae Graham ( 245 Deodar Lane, Hampton, GA 30228);

3. Trooper B. Byrd of the Georgia State Patrol, Post 1;

4. Employees and/or agents of Perdues Wrecker Service;

5. Employees and/or agents of United States Postal Service;

6. Employees and/or agents of Benchmark Physical Therapy;

7. Employees and/or agents of Capital Anesthesiology, PC;

8. Employees and/or agents of Clayton County Fire and EMS;

9. Employees and/or agents of Diagnostic Imaging Specialist;

10. Employees and/or agents of Georgia Oral and Facial Surgery, LLC;

11. Employees and/or agents of Ortho South Surgical Center;

12. Employees and/or agents of Resurgens Orthopaedics;

13. Employees and/or agents of Wellstar Atlanta Medical Center;

14. Employees and/or agents of South Fulton ER Physicians;

15. Employees and/or agents of Apollo MD Anesthesiology;

16. Employees and/or agents of Wellstar Spalding Regional Hospital EMS;

17. Any doctor or nurse who provided care and treatment to Plaintiff.

18. Individuals who have known Plaintiff, including friends, co-workers, and others prior to and subsequent to the subject accident.

Plaintiff reserves the right to call any witness (including experts) named by any other party. Plaintiff further reserves the right to call any and all witnesses for rebuttal purposes.

Plaintiff reserves the right to supplement his list of witnesses in accordance with the applicable Federal Rules of Civil Procedure.

Plaintiff reserves the right to amend or supplement this Attachment as discovery proceeds.

# ATTACHMENT B - EXPERT LIST

Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed. R. Civ. P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule.

At this time, Plaintiff has not yet determined who he will call as a testifying expert(s). That said, the aforementioned medical personnel may qualify as expert witnesses, including but not limited to any and all medical providers listed in Plaintiff's medical records. Plaintiff reserves the right to amend or supplement this Attachment as discovery proceeds.

## ATTACHMENT C - INITIAL DOCUMENT LIST

Provide a copy of, or a description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information.

By providing and or describing the following items, plaintiff is not agreeing that the items identified are relevant or admissible. Plaintiff is simply attempting to comply in good faith with the required discovery rule and listing items presently in the possession, custody or control of the plaintiffs and that the plaintiffs may use to support their claims or defenses. The following documents will be produced to Defendants under separate cover:

1. Georgia Uniform Motor Vehicle Accident Report for the subject incident;

2. Georgia State Patrol Call History Record;

3. Georgia State Patrol Calls for service;

4. Medical records and bills of Jonathan Jake Wells;

5. Photographs of Plaintiff's injuries;

6. Photographs of the vehicles involved in the collision;

7. Photographs of the accident scene;

8. Videos of Accident Scene, vehicles, and persons at the scene in possession of the Georgia State Patrol;

9. Certified disposition of citation for incident;

10. Estimate for property damage;

11. Invoice for purchase of Plaintiff's vehicle;

12. Towing report from Perdues Paint & Body Shop;

13. Any document listed by any other party in this litigation; and

14. Any document deemed necessary for impeachment and/or rebuttal purposes.

Plaintiff reserves the right to supplement his list of documents in accordance with the applicable Federal Rules of Civil Procedure.

## ATTACHMENT D - DOCUMENTS RELATING TO DAMAGES

A computation of any category of damages claimed by disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary matter, not privileged or protected from disclosure, on which such computation is based including, materials bearing on the nature and extent of injuries suffered.

An exact computation of the damages suffered by the Plaintiff has not yet been compiled. Plaintiff has not yet received all the medical bills or other documents necessary to calculate the sum of medical special damages. However, to date, Plaintiff's medical bills total more than $155,422.21 and property damage of $6,400.00.

Damage amounts that may be proven at trial are listed below:

a)   the reasonable value of past medical and necessary expenses;

b)   the present value of future medical and necessary expenses;

c)   damages for all elements of past and future mental and physical pain and suffering, and mental anguish in an amount determined by the jury;

d)   property damage; and

e)   costs of this action and for other further relief as the court deems equitable and proper.

Plaintiff reserves the right to amend or supplement this attachment as discovery proceeds.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the within and foregoing **PLAINTIFF'S INITIAL DISCLOSURES** with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

Lisa D. Cooper
600 Richard B. Russell Bldg.
75 Ted Turner Drive S.W.
Atlanta, GA 30303
LISA.COOPER@USDOJ.GOV

This 7th day of December, 2020.

**WERNER LAW, LLC**

_/s/ Nola D. Jackson_____
MICHAEL L. WERNER
Georgia Bar No. 748321
NOLA D. JACKSON
Georgia Bar No. 387799
TREVOR E. BRICE
Georgia Bar No. 847049

2860 Piedmont Road
Atlanta, GA 30305
404-793-1690
mike@wernerlaw.com
nola@wernerlaw.com
trevor@wernerlaw.com

**Attorneys for Plaintiff**